Commissioner has no authority to reduce the amount notwithstanding the fact that the salary was based upon earnings or was a distribution of the profits of the corporation in the form of compensation. This contention, of course, can not be sustained.

Section 234 (a) of the Revenue Act of 1918 provides:

That in computing net income there shall be allowed as deductions all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a *reasonable allowance* for salaries or other compensation for personal services actually rendered * * *

Under the provision of this section the Commissioner not only has the authority but it is his duty to determine under all the facts obtainable the reasonableness or unreasonableness of deductions by a corporate taxpayer of compensation paid. The Commissioner, upon the evidence before him, determined that a deduction of $16,000 for compensation for the services rendered taxpayer by its president and general manager during the year 1918 was reasonable. The evidence before us does not justify a deduction for compensation of an amount in excess of that determined by the Commissioner.

---

## Appeal of FRANKLE & TILTON, INC.    Docket No. 307.

Evidence respecting the organization and conduct of business of a corporation engaged in carrying on the business of an insurance agency held sufficient to support a finding that the corporation was during the year 1920 a personal service corporation under the provisions of the Revenue Act of 1918.

Submitted December 27, 1924; decided January 31, 1925.

*R. K. Slaughter, Esq.*, for the taxpayer.
*J. A. Adams, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, and TRUSSELL.

This is an appeal from a deficiency letter dated August 5, 1924, in which the Commissioner finds a deficiency for the calendar year 1920 in the sum of $1,092.20, computed under the provisions of sections 327 and 328 of the Revenue Act of 1918, and to which the Commissioner has added a 25 per cent penalty in the sum of $273.05, claiming a total deficiency in the sum of $1,365.25. The case was argued and submitted upon an agreed statement of facts as follows:

### FINDINGS OF FACT.

(1) The taxpayer was organized January 1, 1920, under the laws of the State of Massachusetts with 500 shares of capital stock issued.

(2) The capital stock of the taxpayer was owned and salaries were paid to the stockholders during 1920 as follows:

|  | Shares owned. | Salary. |
| --- | --- | --- |
| John H. Tilton | 100 | $1,650.00 |
| L. Brown Renfrew | 1 | None. |
| Harris W. Spaulding | 399 | 6,478.87 |
| Total | 500 | 8,128.87 |

(3) John H. Tilton and Harris W. Spaulding are regularly engaged in the active conduct of the taxpayer's business and devote practically all their time thereto.

(4) The services rendered by the corporation consisted of soliciting insurance risks, writing and delivering insurance policies to the insured, assuming the responsibility of collecting the premiums from the insured, collecting the premiums and remitting them to the insurance companies, less the commission allowed.

(5) The assets and liabilities as of December 31, 1920, were as follows:

| ASSETS. | | LIABILITIES. | |
|---|---|---|---|
| Cash | $2,448.89 | Capital stock | $50,000.00 |
| Office furniture | 2,000.00 | Accounts payable | 9,547.09 |
| Accounts receivable | 18,868.53 | Notes payable | 10,000.00 |
| Good will | 48,000.00 | Surplus | 1,770.33 |
| Total | 71,317.42 | Total | 71,317.42 |

(6) The total premiums on the insurance written during the year 1920 amounted to $129,487.34 and the commission earned on this business amounted to $19,628.67, or approximately 15 per cent of the total premiums.

(7) The income and deductions as shown by the return are as follows:

| | | |
|---|---|---|
| Gross sales | $129,487.34 | |
| Less cost of sales | 109,858.67 | |
| | | $19,628.67 |

DEDUCTIONS.

| | | |
|---|---|---|
| Ordinary and necessary expenses | 4,459.40 | |
| Compensation of stockholders | 8,128.87 | |
| Debts ascertained to be worthless | 33.97 | |
| | | 12,622.24 |
| Net income | | 7,006.43 |

(8) The corporation was allowed a period of time in which to remit the insurance premiums it had assumed responsibility for. This period was insufficient for the taxpayer to make some of the collections from the insured, whereupon the taxpayer advanced the insurance premiums.

(9) Upon the delivery of an insurance policy the taxpayer assumed responsibility for collecting the premiums from the insured.

(10) The accounts receivable and accounts payable for insurance premiums on the books of the taxpayer at the various dates are as follows:

| Accounts receivable. | | Accounts payable. | |
|---|---|---|---|
| September 30 | $24,273.20 | September 30 | $19,506.43 |
| October 31 | 30,817.77 | October 31 | 23,065.11 |
| November 30 | 31,713.89 | November 30 | 17,745.16 |
| December 31 | 18,868.53 | December 31 | 9,547.09 |

(11) The policies of insurance were written by Frankle & Tilton, Inc., on the personal effort, solicitation, and social and financial responsibility of J. H. Tilton and H. W. Spaulding, and the service rendered by employees was on the individual responsibility of J. H. Tilton and H. W. Spaulding. By customary arrangement, net premiums were payable to the home office of the companies represented by Frankle & Tilton, Inc., on the 5th and 20th of the second month

following date of sale. The taxpayer made a practice of using the collections from customers who had paid their premiums before they were due to be paid by the taxpayer to the home office, to advance the premiums of the policyholders whose accounts had not been collected.

(12) In addition to the capital in the business and the funds of customers who had paid in advance, the corporation borrowed money with which to remit the premiums for various delinquent customers, the amount borrowed and unpaid as of December 31, 1920, being $10,000. This action was taken for the convenience of the company, its clients, and its bank, thereby obviating the necessity of accepting and discounting many notes receivable for deferred premiums.

DECISION.

The deficiency determined by the Commissioner is disallowed.

---

Appeal of THE GEO. B. RICABY CO.        Docket No. 582.

The taxpayer was not a personal service corporation within the meaning of section 200 of the Revenue Act of 1918.

Submitted January 12, 1925; decided January 31, 1925.

*Ray E. Zachman, Esq.*, for the taxpayer.
*J. A. Adams, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This appeal is from an asserted deficiency in the amount of $9,000.96 for income and profits taxes for the years 1919 and 1920. The sole issue involved is whether the taxpayer is entitled to classification as a personal service corporation. From the testimony and documentary evidence introduced at the hearing, the Board makes the following

FINDINGS OF FACT.

1. The taxpayer is incorporated under the laws of the State of Ohio, with its principal place of business in the city of Toledo. It was organized September 30, 1918, with an authorized capital stock of $75,000 and has since been engaged in business as a general real-estate agent or broker. Its activities have been distributed among four departments, viz: (a) subdivision; (b) brokerage; (c) rental and management; and (d) loans. Eighty-four and one-half shares of capital stock were subscribed and paid for, issued, and owned, as follows:

| | | |
|---|---|---|
| George B. Ricaby | 50 shares | $5,000 |
| S. W. Wood | 25 shares | 2,500 |
| Arnold J. Machen | 7½ shares | 750 |
| K. C. Rowland | 1 share | 100 |
| Charles F. Chapman | 1 share | 100 |
| Total | 84½ shares for | 8,450 |

The total of $8,450 represents all of the money invested by the incorporators in the business.